IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0020 |
| ) | |
| **CARLOS DE LA ROSA, RAFAEL MARTINEZ,** ) | |
| **ELVIS MANUEL RODRIGUEZ, and ALEXIS** ) | |
| **SANCHEZ GARCIA** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Alexis Sanchez Garcia's ("Sanchez") motion requesting trial continuance in this matter. (ECF No. 46.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including August 22, 2022.

On January 28, 2022, the Sanchez filed his motion to continue and exclude time under the speedy trial act. In the motion, Sanchez states that he recently received a "voluminous discovery package" that he is presently reviewing. *Id.* at 1. Sanchez further states that MDC Guaynabo, where Sanchez is currently located, has been in a state of lockdown due to COVID-19 since December 2021, and as a result, he has not been able to meet with counsel to discuss the discovery. *Id.* Finally, Sanchez requests a continuance to allow him to participate in plea negotiations with the prosecution. *Id.* at 2. On January 31, 2022, Rafael Martinez ("Martinez") filed a notice to join this motion for similar reasons. *See* ECF No. 47.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Sanchez and Martinez time meet with counsel and to participate in plea negotiations with the United States.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Field*s, 39 F.3d

*United States v. De La Rosa et al.*
Case No.: 3:21-cr-0020
Order
Page 2 of 3

439, 444 (3d Cir. 1994); cf. *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue").

Furthermore, in response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on January 31, 2022, deeming the time period of February 1, 2022 through February 28, 2022, to be "excluded time" under the Speedy Trial Act for purposes of determining when an information or indictment must be filed or when a trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).[1] The Court hereby fully incorporates the findings from the Court's Thirty-Third Operations Order as fully stated herein.

To date, the COVID-19 virus has claimed more than 883,000 lives in the United States (99 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom. As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Thirty-Third%20Order%20Concerning%20Court%20Operations%20During%20COVID%20Outbreak.pdf

**ORDERED** that Defendant Sanchez's Motion Requesting Trial Continuance, ECF No. 46, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through August 22, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 15, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than August 17, 2022;[2] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:30 a.m. on August 22, 2022, in St. Thomas Courtroom 1.

**Dated:** January 31, 2022         */s/Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.