IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cr-0020 |
| | ) |
| CARLOS DE LA ROSA, RAFAEL MARTINEZ, ELVIS MANUEL RODRIGUEZ and ALEXIS SANCHEZ GARCIA, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

**BEFORE THE COURT** is Defendants Rafael Martinez ("Martinez"), Elvis Manuel Rodriguez ("Rodriguez") and Alexis Sanchez Garcia's ("Garcia") Motion to Dismiss Counts One and Two of the Indictment, (ECF No. 68), joined by Defendant Carlos De La Rosa ("De La Rosa"), (ECF No. 70). The United States of America ("the Government") opposed the motion. (ECF No. 73.) A hearing on the motion was held on February 15, 2023. For the following reasons, the Court will deny the motion.

**I. BACKGROUND**[1]

On August 30, 2021, U.S. Coastguard Cutter ("CGC") TAMPA's helicopter HELOC CG-6559 located a north bound go-fast vessel displaying no indicia of nationality approximately 45 nautical miles south of Punta Salinas, Dominican Republic, with one outboard engine and two persons onboard. (ECF No. 1-1, Scott Aff.) CGC launched its over the horizon vessel ("OTH"). After multiple warning shots, the go-fast vessel did not stop, and the Coast Guard officers fired disabling shots to stop the go-fast vessel. The two persons on board began jettisoning packages and bales into the ocean. The OTH team took control of the go-fast vessel and recovered 14 bales from the ocean, which yielded positive results for cocaine. The two persons onboard claimed Dominican Republic nationality but refused to make a claim for the vessel or who was the master of the vessel. The vessel had no name, documentation,

---

[1] The Court finds the following facts for purposes of this motion.

registration numbers, or homeport printed on its hull. The two occupants were identified as De La Rosa and Garcia.

On the same date, CGC TAMPA's HELO located a second north bound go-fast vessel displaying no indicia of nationality approximately at the same location where the first go-fast vessel was located, with one outboard engine and two persons onboard. The go-fast vessel was white and blue with packages and fuel barrels visible on deck. Despite multiple warning shots by OTH that was launched, the go-fast vessel did not stop, prompting the Coast Guard to fire disabling shots to stop it. Upon approach, two persons on board began jettisoning electronic equipment and bales into the ocean, and then doused the vessel with fuel and became compliant. The OTH came along the go-fast vessel and embarked the two persons onboard. The Coast Guard was unable to locate the jettisoned packages. The two persons claimed Dominican Republic nationality and the master verbally claimed Dominican Republic flag for the go-fast vessel. The government of the Dominican Republic could neither confirm nor deny registry of the go-fast vessel. The occupants were identified as Martinez and Rodriguez.

Defendants were charged by an Indictment with Conspiracy to Possess a Controlled Substance While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B), (Count One), and Possession of Controlled Substance while on Board a Vessel Subject to the Jurisdiction of the United States and Aiding and Abetting, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2, (Count Two).

## II. LEGAL STANDARD

The Maritime Drug Law Enforcement Act ("MDLEA") prohibits certain acts by persons "while on board a covered vessel," including possessing "with intent to manufacturing or distributing, a controlled substance," 46 U.S.C. § 70503(a)(1). "Covered vessel" is "a vessel subject to the jurisdiction of the United States," 46 U.S.C. § 70503(e)(1), which includes "a vessel without nationality," 46 U.S.C. § 70502(c)(1)(A), defined as:

> (A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed;

> (B) a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; and
>
> (C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

46 U.S.C. § 70502(d)(1). MDLEA also provides that a claim of nationality includes only: "(1) possession on board the vessel and production of documents evidencing the vessel's nationality as provided in article 5 of the 1958 Convention on the High Seas; (2) flying its nation's ensign or flag; or (3) a verbal claim of nationality or registry by the master or individual in charge of the vessel." 46 U.S.C. § 70502 (e).

### III. DISCUSSION

Defendants argue that the allegations in the Indictment are insufficient to establish that their vessel was stateless and subject to the jurisdiction of the United States. The Government argues that the vessel was without nationality because, despite the Coast Guard officers' request for a claim of nationality, "no one stepped forward and claimed nationality for the vessel." (ECF No. 73 at 4.) As for the vessel whose master claimed it had Dominican Republic nationality, the government of the Dominican Republic indicated that it could not confirm the nationality of that vessel.

Defendants' argument relies solely on the U.S. First Circuit Court of Appeals case *United States v. Davila-Reyes*, 23 F.4th 153, 193 (1st Cir. 2022). However, at the motion hearing, Defendants conceded that the panel opinion *Davila-Reyes* vacating the convictions and dismissing the underlying charges, on which they rely for the proposition that "46 U.S.C. Section 70501-08 exceeds Congress' authority under Article I of the Constitution," (ECF No. 68 at 4), was vacated and the petition for rehearing en banc granted by *United States v. Davila-Reyes*, 38 F.4th 288 (1st Cir. 2022), but contended that it retained limited persuasive authority. Subsequent to the oral arguments on the instant motion, the First Circuit affirmed the convictions en banc "on narrow, record-based grounds that bypass many of the broader questions of international and federal constitutional law that the defendants ask us to resolve," explaining that "those questions touch on sensitive issues of U.S. foreign relations

and national power that have implications far beyond this specific statutory context, it is prudent for us to resolve them only in a case that, unlike this one, requires that we do so." *United States v. Davila-Reyes*, 84 F.4th 400, 402 (1st Cir. 2023). In light of the cursory nature of the Defendants' motion which does not contain any independent analysis or argument pertaining to any specific statutory section and the lack of citation to any caselaw apart from the *Davila-Reyes* vacated panel opinion, the Court finds the vacated panel opinion in *Davila-Reyes* unpersuasive and the Defendants' motion unsupported.

"Although Rule 12 does not by its terms specify when such a motion entitles a defendant to a pretrial evidentiary hearing, we have held that a defendant's moving papers must demonstrate a 'colorable claim' for relief." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996) (quoting *United States v. Brink,* 39 F.3d 419, 424 (3d Cir.1994)). "In order to be 'colorable,' a defendant's motion must consist of more than mere bald-faced allegations of misconduct," which means that "[t]here must be issues of fact material to the resolution of the defendant's constitutional claim." *Id.*

The sworn affidavit by Special Agent Christopher Scott in support of criminal complaint establishes sufficient factual basis that the vessel occupied by De La Rosa and Garcia was a covered vessel subject to the jurisdiction of the United States because it satisfied the requirements of 46 U.S.C. § 70502(d)(1)(B) and the vessel occupied by Martinez and Rodriguez was a covered vessel subject to the jurisdiction of the United States because it satisfied the requirements of 46 U.S.C. § 70502(d)(1)(C). Defendants failed to proffer any evidence that would place the factual statements in the Special Agent's affidavit material to the resolution of the Defendants' claim in dispute. *United States v. Jackson*, 363 F. App'x 208, 210 (3d Cir. 2010) ("Jackson did not offer any version of events contrary to the version contained in the police reports he attached to his motion. He based his request for an evidentiary hearing only on alleged discrepancies in the reports, which he argued raised questions about the truthfulness of the account provided, and raised the suggestion that the events leading to his arrest may have unfolded differently. This was not a sufficient showing under *Brink* and *Voigt.*"). Although Defendants asked for an evidentiary hearing during their oral arguments, "[a] district court does not have to hold evidentiary hearing on a motion just

because a party asks for one." *Voigt*, 89 F.3d at 1067 (quoting *United States v. Sophie,* 900 F.2d 1064, 1071 (7th Cir.)). Accordingly, it is hereby

      **ORDERED** the Defendants' Motion to Dismiss Counts One and Two of the Indictment, ECF No. 68, is **DENIED**.

**Dated:** January 25, 2024                                            */s/ Robert A. Molloy*
                                                                         **ROBERT A. MOLLOY**
                                                                          **Chief Judge**